UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

THOMAS CRISANTI,                          :

    Plaintiff,                        :

                                      :

v.                                        :      CASE NO. 3:02CV1544 (RNC)

                                      :

SERGEANT TIMOTHY DUMAS,                   :
et al.,                                   :

    Defendants.                       :

RULING AND ORDER

Plaintiff Thomas Crisanti brings this action under 42 U.S.C. §§ 1982, 1983, and 1988 against three Connecticut state police officers and the Connecticut Department of Public Safety, Asset Forfeiture and Vehicle Theft Divisions ("DPS"), claiming that they have confiscated his motorcycle and refused to return it to him in violation of his rights under the Fifth and Fourteenth Amendments. Defendants have filed a motion to dismiss the action on various grounds. As explained below, the complaint does not allege a cause of action because the plaintiff has an adequate post-deprivation remedy under state law. Accordingly, the motion to dismiss is granted.

I. Facts

In ruling on this motion, the court must accept as true all material facts alleged in the complaint and draw all reasonable inferences in plaintiff's favor. Charles W. v. Maul, 214 F.3d 350, 356 (2d Cir. 2000). Plaintiff alleges that in October 1999, the three defendant police officers, working in concert with DPS, served a search and seizure warrant on his business and confiscated

a 1974 Harley Davidson motorcycle.  Plaintiff later pleaded guilty to charges that are not specified in the complaint, the State agreed to return the motorcycle, and a Superior Court judge signed an order to that effect.  Plaintiff has tried to get his motorcycle back, but defendants have refused to return it, despite the Judge's order requiring them to do so.

II.  Discussion

When a person is deprived of property as a result of a state official's unauthorized act, the deprivation does not violate the Due Process Clause of the Fifth and Fourteenth Amendments if the person has an adequate post-deprivation remedy under state law. See Hudson v.Palmer, 468 U.S. 517, 533 (1984); Marino v. Ameruso, 837 F.2d 45, 47 (2d Cir. 1998).  Plaintiff asserts, in his objection to defendants' motion to dismiss, that he has no adequate state remedy for the deprivation of the motorcycle.  But Connecticut law provides remedies for people complaining of unauthorized deprivations of property by state officials; they can file suit in state court or, if that is not possible, they can file a claim with the Claims Commissioner.  Conn. Gen. Stat. § 4-142(2).  Nothing in plaintiff's papers suggests that he has tried either of these alternatives.[1]  Accordingly, his complaint fails to state a claim

---

[1] State law also gave plaintiff an opportunity to seek return of the motorcycle in the context of his criminal case. See Conn. Gen. Stat. § 54-36a(c). Though unmentioned in the complaint, he did make such a motion, but the trial court denied it and the Connecticut Appellate Court affirmed. State v. Crisanti, 819 A.2d 299 (Conn. App. Ct. 2003).

on which relief can be granted against any of the defendants.[2]

Conclusion

Accordingly, defendants' motion to dismiss [Doc. # 18] is granted.   The Clerk may close the file.

So ordered.

Dated at Hartford, Connecticut this 22nd day of January 2004.

_____
Robert N. Chatigny
United States District Judge

---

[2]   Defendants correctly contend that even if the complaint alleged a due process violation, plaintiff could not recover damages against the police officers because he has not alleged that they knew or reasonably should have known that their refusal to return the motorcycle constituted a violation of due process and they are therefore entitled to  qualified immunity under Harlow v. Fitzgerald, 457 U.S. 800, 815 (1982). In addition, plaintiff's claim against DPS is barred by sovereign immunity. See Edelman v. Jordan, 415 U.S. 651, 663 (1974).