UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS CRISANTI | : | 3:02CV1544(RNC) |
| V. | : | |
| SGT. TIMOTHY DUMAS, ET. AL. | : | FEB. 14, 2004 |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO RECONSIDER RULING GRANTING MOTION TO DISMISS

FACTS

Plaintiff brings this civil rights action alleging a taking of his property without due process of law. The Defendants made a motion to dismiss, claiming that there are adequate post-deprivation process for the Plaintiff which Plaintiff has failed to use. Plaintiff has filed a motion to reconsider which was denied for failing to comply with Local Rule 7(c)(1), and Plaintiff resubmits his motion to reconsider now complying with the Local Rule.

STANDARD OF REVIEW

When considering a Rule 12(b) motion to dismiss, the Court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the Plaintiff. Note, in the complaint, Mr. Crisanti has not pled that there is

2.

no adequate state remedy or post-deprivation procedure to ensure the return of his motor-cycle. Therefore, Plaintiff humbly requests permission to amend his complaint to allege that. If alleged, the Court would draw inferences from the allegations most favorable to the Plaintiff. Sheuer v. Rhodes, 416 U.S. 232, 236 (1974); Easton v. Sundram, 947 F. 2d 1011, 1014-15 (2d Cir. 1991), cert. denied, 504 U.S. 911 (1992). Dismissal is warranted only if, under any set of facts that the Plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. Hishon v. King & Spaulding, 467 U.S. 69, 73(1984); Frasier v. General Electric Co., 930 F. 2d 1004, 1007 (2d Cir. 1991)." The issue on a motion to dismiss is not whether the Plaintiff will prevail, but whether the Plaintiff is entitled to offer evidence to support his or her claims." United States v. Yale New Haven Hosp., 727 F. Supp. 784, 786 (D. Conn 1990)(citing Scheuer, 416 U.S. at 232). In its review of a motion to dismiss, the Court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorpor-

3.

ated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transport Local 504, 992 F 2d 12, 15 (2d Cir. 1993).

**ANALYSIS**

Keeping this standard in mind, if the Court allows Plaintiff to allege there is no adequate post-deprivation procedure available to the Plaintiff, the Court should accept the allegations contained in the amended complaint as true.

The Court, in its ruling, on page 2, notes correctly that the "Connecticut law provides remedies for people complaining of unauthorized deprivations of property by state officials." The Court then goes on to state that there is a remedy as to filing a claim with the claims commissioner. The problem there is that this remedy is simply not available to the Plaintiff. First, there is a year statute of limitations. Second, why would the Plaintiff file a claim with the state claims commissioner when he had an order of a judge specifically mandating the return of the motor-cycle. Further, Judge Carrol ordered the return of the motor-cycle, and stayed his order to allow the state to appeal. They never did.

4.

Further, the statute of limitations would run from the time the Plaintiff realized he had a cause of action. Plaintiff has had this order and believed the motorcycle was going to be returned.

Also, some facts are not addressed in the complaint but are clearly relevant. At some point, Judge Holden ordered the return of the motorcycle without any notice to Plaintiff. So, there are contradictory ruling by two judges of the Superior Court. If Plaintiff relies on Judge Levine's order, which mandates return of the motorcycle, and never learns of Judge Holden's order, why should Plaintiff have to file a claim with the claims commissioner? That is ludicrous.

The Eleventh Circuit has ruled that where the "established state procedure" exception does not apply, the Parratt analysis is applicable. Thus, where a state's legal remedies are adequate, a plaintiff cannot state an action under Section 1983 for deprivation of property rights. <u>Rittenhouse v. De Kalb County</u> (1985, CA 11 Ga) 764 F 2d 1451, reh den. (US) 89 L Ed 2d 308, 106 S Ct. 1193. Here, the procedure is so clear that two judges have made contrary rulings.

5.

Plaintiff has also tried to remedy his loss through the state court system. He has appealed, and lost. For all practical purposes, he has exhaused his state remedies. Lastly, finding Paratt inapplicable, the Court of Appeals for the Second Circuit has ruled that a section 1983 action will lie to challenge a state procedure whereby some potential claimants are not given notice of how to reclaim seized property and the public generally is given notice of a procedure that no longer exists. <u>Butler v. Casto</u> (1990, CA2NY) 896 F. 2d 698. Here, Plaintiff never is given adequate notice of Judge Holden's order, and thinks Judge Levine's order is valid.

## CONCLUSION

For the above reasons, Plaintiff claims that he should be allowed to amend his complaint to add facts that should have been included to begin with. Further, Plaintiff believes that there is no adequate state post deprivation procedure available, and if the defendant claims there is, then there is a genuine issue of fact which must be determined by the Court. It is premature to dismiss this action, and the Plaintiff humbly requests

6.

that reconsideration be given and the right to amend allowed.

THE PLAINTIFF

BY  *Frank P. Cannatelli*
    Frank P. Cannatelli
    549 Howe Ave., Suite B
    Shelton, Conn. 06484
    Fed. # 04394
    Phone: (203) 924-6984
    Fax: (203) 924-9267